UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JASON SLAYDON AND MISTY SLAYDON, ON BEHALF OF THEIR MINOR CHILD, ANNALISE SLAYDON AND MICHAELA SLAYDON | CIVIL ACTION NO.: _____ |
| | JUDGE : _____ |
| VERSUS | |
| NATIONAL LIABILITY & FIRE INS. CO., LIGHTNING ENTERPRISES, LLC, AND MARCUS R. BROWN | MAG. JUDGE : _____ |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b) and 1446, and for the sole purpose of removing this matter to the United States District Court for the Western District of Louisiana, Defendants, National Liability & Fire Insurance Company ("Defendant"), states as follows:

**I.      Background and Procedural Requirements**

1.      National Liability & Fire Insurance Company is a defendant in the matter captioned *"Jason Slaydon and Misty Slaydon, on behalf of their minor child, Annalise Slaydon, and Michaela Slaydon vs. National Liability & Fire Insurance Company, et al"* originally filed in the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana, under Docket No. 2022-0371, Div. "A" (the "State Court Action"). See Exh. A, State Court Record, p. 5.

2.      Plaintiffs filed a Petition for Damages (the "Petition") in the State Court Action on June 7, 2022 (Exh. A, p. 5), which Petition was served on National Liability & Fire Insurance Company on June 28, 2022.

3.      This Notice of Removal is timely filed as it is being filed within thirty days after National Liability & Fire Insurance Company's receipt of the Petition setting forth the claims for

relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

4. Pursuant to 28 U.S.C. § 1446(a) National Liability & Fire Insurance Company attaches as Exhibit "A" hereto a copy of all process, pleadings and orders served on National Liability & Fire Insurance Company in the State Court Action (a certified copy of the entire state court record has been included).

## II. Complete Diversity Exists

5. Plaintiffs allege to be residents of and domiciliaries of the State of Louisiana. See Exh. A, p 1 in the opening paragraph.

6. No properly joined defendant in this action is a citizen of the State of Louisiana, and all defendants are completely diverse from Plaintiffs.

7. Defendant Marcus R. Brown is a resident and domiciliary of Natchez, Mississippi, and is a citizen of the State of Mississippi, who resides at 905 Creekbend Road, Natchez, Mississippi 39120. See Exh. A, p. 5 and the Consent to Removal on behalf of Marcus R. Brown.

8. Defendant Lightning Enterprises, LLC, is a Mississippi limited liability company, with its principal place of business located at 111 Laurel Street, Centerville, MS 39631. Lightning Enterprises, LLC has one member, Amy Scott Wells, who resides at 736 Jones White Road, Centreville, Mississippi, 39631, and is a citizen of the State of Mississippi. See Exh. A, p. 5 and the Consent to Removal on behalf of Lightning Enterprises, LLC.

9. Defendant National Liability & Fire Insurance Company is a Nebraska insurance corporation with its principal place of business located at 1314 Douglas Street, Suite 1400, Omaha, Nebraska 68102. See Exh. A, p. 5.

9.     Complete diversity exists between Plaintiffs, Jason Slaydon and Misty Slaydon, on behalf of their minor child, Annalise Slaydon, and Michaela Slaydon, and defendants, Marcus R. Brown, Lightning Enterprises, LLC, and National Liability & Fire Insurance Company, and this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332.

### III.    Amount in Controversy

10.    Plaintiffs' Petition seeks a monetary judgment against defendants, but it does not plead a specific sum demanded or amount in controversy.

11.    Louisiana Code of Civil Procedure Art. 893(A)(1) prohibits the inclusion of a specific monetary amount of damages "in the allegations or prayer for relief of any original, amended, or incidental demand."[1]  Further, LA. C.C.P. Art. 893(A)(2) provides that where a petition is filed in violation of LA. C.C.P. Art. 893, "the claim for a specific monetary amount of damages shall be stricken upon the motion of an opposing party and the court may award attorney's fees and costs against the party who filed the petition."

12.    Pursuant to 28 U.S.C. §1446(c)(2), Defendants assert that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  In the Petition, Plaintiffs allege that minor child, Annalise Slaydon, sustained severe injuries including neck pain, shoulder numbness, hand tremors, back pain, leg scarring, and swelling to her left arm. Plaintiffs also allege that Annalise Slaydon suffered past and future medical and attendant expenses; past and future physical and mental pain and suffering, discomfort, anxiety, distress,

---

[1]    La. C.C.P. Art. 893(A)(1) specifically states, in pertinent part: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required…"

disfigurement, and inconvenience; disability; and loss of enjoyment and quality of life. (Exh. A, p. 7).

13. Plaintiff, Michaela Slaydon, alleges in the Petition that she sustained severe injuries including headaches, head bumps and bruising, neck pain, and fear of driving, in addition to past and future medical and attendant expenses; past and future physical and mental pain and suffering, discomfort, anxiety, distress, disfigurement, and inconvenience; disability; and loss of enjoyment and quality of life. (Exh. A, p. 7).

13. Plaintiffs allege that defendants' actions caused their injuries. (Exh. A, p. 6).

14. Plaintiffs generally pray for entry of judgment as to all damages occasioned by plaintiffs. (Exh. A, p. 8).

15. Additionally, undersigned counsel has obtained information regarding treatment of injuries allegedly arising out of the accident, indicating the following: (i) Both Plaintiffs have treated with an orthopedic surgeon regarding potential disc herniations in their lumbar spines; (ii) Plaintiff, Annalise Slaydon's, MRI films indicated left neural canal narrowing in her cervical spine; (iii) Both Plaintiffs have treated with a psychologist regarding anxiety and fear related to the subject accident; (iv) Plaintiff, Annalise Slaydon, has undergone physical therapy and chiropractic care; (v) Plaintiff, Michaela Slaydon, has been recommended for trigger point injections; (vi) and Plaintiffs' orthopedic and psychological treatment appears to be ongoing.

16. Given the extent of Plaintiffs' alleged injuries and damages, per the medical records provided by plaintiffs' counsel and the allegations of the petition, Defendants respectfully submit that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### IV. Diversity Jurisdiction

17. This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which there is complete diversity between the parties, and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### V. Venue

18. Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Louisiana is the federal judicial district encompassing the 36th Judicial District Court for Beauregard Parish, State of Louisiana, where this action was originally filed, and the federal judicial district encompassing Beauregard Parish, State of Louisiana, where the actions alleged in the Petition occurred. See Exh. A, p. 5.

### VI. Effectuation of Removal

19. National Liability & Fire Insurance Company hereby removes this action to the United States District Court for the Western District of Louisiana.

20. By filing this Notice of Removal, National Liability & Fire Insurance Company expressly consents to the removal.

21. The consent to removal by defendant, Marcus R. Brown, is attached as Exhibit "B".

22. The consent to removal by defendant, Lightning Enterprises, LLC, is attached as Exhibit "C".

23. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon National Liability & Fire Insurance Company in connection with the State Court Action are attached hereto as Exhibit "A".

24. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

25. The undersigned counsel hereby certifies that a copy of this Notice of Removal has been served upon all counsel, including counsel for the Plaintiffs. See Exhibit "D", attached hereto.

26. The undersigned counsel further certifies that a notice of filing of notice of removal, along with a copy of this Notice of Removal, will be promptly filed with the 36th Judicial District Court, Parish of Beauregard, State of Louisiana. See Exhibit "E", attached hereto.

## VII. Relief Requested

27. Defendants request the United States District Court for the Western District of Louisiana assume jurisdiction over the above-captioned action and issue such further orders as may be necessary to bring before it all parties necessary for trial of this action.

## VIII. Reservation of Rights

28. By this Notice of Removal, Defendants do not waive any objections, defenses or affirmative defenses it may have to this action, intends no admission of fact and/or liability by virtue of this filing, and expressly reserves the right to supplement this Notice of Removal.

WHEREFORE, based upon this Honorable Court's original jurisdiction over diverse citizens, pursuant to 28 U.S.C. §1332, National Liability & Fire Insurance Company respectfully requests this action proceed in this Honorable Court as an action properly removed from the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana.

Respectfully submitted,

**NEUNERPATE**

*/s/ Ken Jones*
KENNETH W. JONES, JR.          #23803
(kjones@neunerpate.com)
SARAH SIMMONS SONNIER      #39339
(ssonnier@neunerpate.com)
One Petroleum Center
1001 W. Pinhook Road, Suite 200
Lafayette, Louisiana 70503
Telephone:    (337) 237-7000
Fax:               (337) 233-9450
***Counsel for defendants, National Liability & Fire Insurance Company, Lightning Enterprises, LLC, and Marcus R. Brown***

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

| | | | |
|---|---|---|---|
| ☐ | Hand delivery | ☐ | Prepaid U. S. Mail |
| ☑ | Facsimile/Electronic Mail | ☐ | Federal Express |
| ☐ | Certified Mail/Return Receipt Requested | ☑ | CM/ECF |

Lafayette, Louisiana on the __28__ day of July 2022.

*/s/ Ken Jones*
Counsel